USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/30/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
YACOUBA TRAORE,                                                         :
                                                                        :
                              Petitioner,                               :          18-CV-794 (JMF)
                                                                        :
              -v-                                                       :          MEMORANDUM OPINION
                                                                        :          AND ORDER
STEVEN AHRENDT, et al.,                                                 :
                                                                        :
                              Respondents.                              :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Petitioner Yacouba Traore, a citizen of Mali, petitions for the writ of habeas corpus, contending that his detention by immigration authorities, pursuant to Section 1225(b)(2)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(2)(A), and without an individualized bond hearing, violates his due process rights. (Docket No. 1 ("Pet.")).[1] Traore arrived in the United States prior to July 25, 2005. (Docket No. 16 ("Bacchus Decl.") ¶ 4). On that date, he filed an application for relief with U.S. Citizenship and Immigration Services ("USCIS"), which granted Traore advance parole — that is, permission for Traore to temporarily leave and re-enter the United States while his USCIS application was under review — on December 8, 2005. (*Id.* at ¶¶ 5-6). On February 3, 2006, Traore was paroled into the United States after returning from an unknown destination abroad. (*Id.* at ¶ 7). On May 14, 2007,

---

[1] Traore's Petition initially argued that his detention was authorized pursuant to "the discretionary detention statute at Section 1226(a)" rather than Section 1225(b)(2)(A). (Pet. ¶ 66). Traore appears to have abandoned that argument, and for good reason: It was explicitly rejected by the Supreme Court in *Jennings v. Rodriguez*, 138 S. Ct. 830, 844-45 (2018). Accordingly, and substantially for the reasons set forth in the Government's memorandum in opposition to Traore's Petition, (*see* Docket No. 17 ("Resp.'s Br."), at 4-5), the Court concludes that Traore is detained under Section 1225(b)(2)(A).

USCIS denied Traore's application. (*Id.* at ¶ 8). On December 5, 2017, Immigration and Customs Enforcement ("ICE") arrested and detained Traore, (*id.* at ¶ 9), charging him as removable under Section 1182 of the INA, which provides for removal of "any immigrant [who] at the time of application for admission . . . is not in possession of a . . . valid entry document required by this chapter." 8 U.S.C. § 1182(a)(7)(A)(i)(I).[2] Traore conceded the charge of removability, but petitioned USCIS for relief. (Bacchus Decl. ¶ 11). Traore's hearing on that requested relief is set for May 10, 2018. (Docket No. 18 ("Reply Br."), at 1).

The parties dispute whether and to what extent Traore, as an alien seeking admission into the United States (that is, an "arriving alien"), has rights under the Due Process Clause of the Fifth Amendment. (*Compare* Resp.'s Br. 5-6, *with* Reply Br. 2-7). The Court need not resolve that dispute now, however, because even if Traore's due process rights are as robust as the due process rights of an admitted alien detained pursuant to Section 1226(c) — a questionable proposition, *see, e.g.*, *Salazar*, 2017 WL 3718380, at *4 — his arguments fall short. This Court previously addressed the due process rights of an admitted alien detained pursuant to Section 1226(c) in *Young v. Aviles* ("*Young I*"), 99 F. Supp. 3d 443 (S.D.N.Y. 2015), and *Young v. Aviles* ("*Young II*"), No. 15-CV-4545 (JMF), 2015 WL 4579204 (S.D.N.Y. July 29, 2015). The Court noted that the relevant inquiry, designed to determine whether continued detention had become "unreasonable or unjustified," was a "fact-dependent" one. 99 F. Supp. 3d at 455. The Court identified the length of detention as a significant factor — although it noted that "'the sheer

---

[2] Aliens detained under Section 1225(b)(2)(A) are "legally considered to have never entered the United States." *Salazar v. Rodriguez*, No. 17-CV-1099 (JMV), 2017 WL 3718380, at *4 (D.N.J. Aug. 29, 2017). That is true even where, as here, an alien detained under the provision is physically present in the United States. That is, under the "entry fiction," aliens who have been denied admission to the United States yet are present within its borders are "treated, for constitutional purposes, as if stopped at the border." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (internal quotation marks omitted).

2

length of the proceedings is not alone determinative of reasonableness.'" *Id.* (quoting *Debel v. Dubois*, No. 13-CV-6028 (LTS) (JLC), 2014 WL 1689042, at *5 (S.D.N.Y. Apr. 24, 2014), and citing cases)). The Court also identified other pertinent factors, including "which party bears responsibility for the prolonged detention, whether the continued duration of the detention is finite or near conclusion, and the interests served by continued detention.'" *Id.* (quoting *Johnson v. Orsino*, 942 F. Supp. 2d 396, 409 (S.D.N.Y. 2013)); *see also Debel*, 2014 WL 1689042, at *5 ("[T]he principal factor considered in constitutional review of detention pending removal proceedings is the degree to which the proceedings have been prolonged by unreasonable government action.").

The Court applied those factors in *Young I* and concluded that the petitioner's detention — at that point, seven months long — did not violate the Due Process Clause. 99 F. Supp. 3d at 455. The Court explained that "there [was] no evidence that the immigration authorities ha[d] unreasonably prolonged Young's removal proceedings" and that nothing in the then-existing record suggested that Young would be held much longer, let alone indefinitely. *Id.* at 455-56 (brackets omitted) (quoting *Debel*, 2014 WL 1689042, at *6). The Court noted, however, that whether the petitioner's continued detention without a bond hearing had yet "crossed the line into a due process violation" was "a close call." *Id.* at 455. Approximately four months later, in *Young II*, the Court concluded that the petitioner's detention had crossed to "the other side of the constitutional line." *Young II*, 2015 WL 4579204, at *2. In support of that conclusion, the Court cited not only the four additional months of the petitioner's detention, but also the fact that most of the new delay was attributable to the Government. *Id.* Thus, the Court granted the habeas petition and required the Government to provide the petitioner "with an individualized bond hearing to determine whether his continued detention is justified." *Id.*

3

Assuming *arguendo* that the same standards apply here, the Court concludes that Traore's continued detention without a bond hearing has not yet become so excessive as to be a due process violation. First, although four-plus months of detention is not insignificant, the Court is unaware of any cases, even under Sections 1231(a) or 1226(c) of the INA, finding detention of such a length to be unconstitutional. *See Young I*, 99 F. Supp. 3d at 455 (citing cases finding detentions of thirteen months, fifteen months, seventeen months, and eighteen months to be constitutional); *see also Richardson v. Shanahan*, No. 15-CV-4405 (AJP), 2015 WL 5813330, at *6 (S.D.N.Y. Oct. 6, 2015) (citing cases finding no constitutional violation for periods of detention including twenty-three months, eleven months, fifteen months, eighteen months, thirteen months, and seventeen months). Second, Traore's detention may not be indefinite, as his individual merits hearing is imminent. And finally, "[t]here is no evidence that the immigration authorities have unreasonably prolonged [Traore's] removal proceedings and consequent detention." *Debel*, 2014 WL 1689042, at *6. Indeed, Traore presents *no* evidence that the Government has unnecessarily delayed his immigration proceedings. In fact, some evidence suggests that Traore may be responsible for the lengthening of his proceedings: While in immigration detention, he married a United States citizen and subsequently sought (unsuccessfully) "to continue his individual hearing so that he could pursue a Form I-130 Petition for Alien Relative." (Bacchus Decl. ¶¶ 12-13). Traore claims in his reply brief that the Department of Homeland Security's failure to provide documents related to whether Traore is "the subject of an Interpol alert" forced the immigration court to adjourn the matter. (Reply Br. 6). But even if that was the reason for the adjournment, and it is properly attributable to the Government, the resulting delay — from April 12, 2018, to May 10, 2018, (*see* Bacchus Decl. ¶ 13 (noting that Traore's hearing is set for April 12, 2018); Reply Br. 1 (noting that Traore's

hearing is "set for May 10, 2018")) — is not significant enough to render his detention unconstitutional. *See Debel*, 2014 WL 1689042, at *6 (denying a petition where "[o]nly one five-week delay," out of a period of "mandatory detention of more than two years," was attributable to the Government).

Accordingly, Traore's Petition is DENIED without prejudice to refiling if or when his detention becomes unreasonably prolonged. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: April 30, 2018
New York, New York

JESSE M. FURMAN
United States District Judge